**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| ROBERT C. BATCHELOR, BRYAN L. BOTT, EDWARD ARNOLD, and JESSICA ARNOLD,<br><br>Plaintiffs,<br><br>v.<br><br>HOMETAP EQUITY PARTNERS, LLC; HOMETAP EQUITY HEI FUND IV SPV II, LLC; and HOMETAP INVESTMENT PARTNERS II, L.P.,<br><br>Defendants. | Case No.: 1:26-cv-00515-UA-JEP |

**ORDER**

This matter is before the Court on the parties' Consent Motion for Entry of Briefing Schedule on Defendants' Motion to Compel Arbitration and Stay Action. The Court finds good cause to allow the request by consent. The Court also notes that pursuant to the Parties' Stipulation [Doc. #18], the prior Motion to Compel Arbitration and Stay [Doc. #12] is withdrawn without prejudice, and the schedule adopted here will apply instead.

Defendants also filed a prior Motion to Stay [Doc. #9], seeking to stay other proceedings and deadlines pending resolution of the Motion to Compel Arbitration. Plaintiff does not object to that request, and the Court will allow the unopposed Motion, with one exception. Specifically, Plaintiff brings this case based on diversity jurisdiction, and the Complaint identifies Defendant Hometap Equity Partners, LLC ("HEP") as a

Delaware Limited Liability Company with its principal offices in Massachusetts, and identifies Defendant Hometap HEI Fund IV SPV II, LLC ("HHEI") as a Delaware Limited Liability Company with principal offices in Massachusetts, and identifies Hometap Investment Partners II, L.P. ("HIP") as a Delaware Limited Partnership with its principal office in Massachusetts. However, for purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of its members, not its place of formation or principal place of business. Similarly, the citizenship of an LP is determined by the citizenship of its partners. Defendants have filed Corporate Disclosure Statements, but have not used this Court's forms and have not included sufficient information to allow the Court to confirm the existence of diversity jurisdiction. Indeed, the Corporate Disclosure Statements reflect that as to some members, "Complete citizenship unknown at this time." This is insufficient to allow the determination of complete diversity. If information is not available, the Court can consider whether to allow jurisdictional discovery as necessary. Therefore, the Court will direct Defendants to file updated Corporate Disclosure Statements by September 22, 2026, naming --and identifying the citizenship of-- each of Defendants' members or partners, (and likewise for any member or partner that is itself an LLC or LP). Plaintiff must then file a Supplement to the Complaint by September 29, 2026, setting out the basis for federal subject matter jurisdiction, or alternatively, a request for jurisdictional discovery if necessary to confirm complete diversity.

IT IS HEREBY ORDERED that the Consent Motion [Doc. #17] is GRANTED, and Defendants must file their forthcoming motion to compel arbitration and stay action by September 20, 2026. Plaintiffs must file their response in opposition within 30 days after Defendants file their motion to compel arbitration. Defendants must file their reply in support within 14 days after Plaintiffs file their response in opposition.

IT IS FURTHER ORDERED that the prior Motion to Compel Arbitration and Stay Action [Doc. #12] is deemed withdrawn without prejudice pursuant to the Stipulation [Doc. #18].

IT IS FURTHER ORDERED that the unopposed Motion to Stay [Doc. #9] is GRANTED to the extent that other proceedings in this case are stayed pending resolution of the forthcoming motion to compel arbitration, except that Defendants must file updated Corporate Disclosures Statements by September 23, 2026, naming --and identifying the citizenship of-- each of Defendants' members or partners, (and likewise for any member or partner that is itself an LLC or LP). Plaintiff must then file a Supplement to the Complaint by September 30, 2026, setting out the basis for federal subject matter jurisdiction, or a request for jurisdictional discovery if necessary to confirm complete diversity.

This, the 15th day of September, 2026.

Joi Elizabeth Peake
Joi Elizabeth Peake
United States Magistrate Judge