**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| BRYAN L. BOTT, ROBERT C. BATCHELOR, EDWARD ARNOLD, and JESSICA ARNOLD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOMETAP EQUITY PARTNERS, LLC; HOMETAP HEI FUND IV SPV II, LLC; and HOMETAP INVESTMENT PARTNERS II, L.P.,<br><br>Defendants. | Case No.: 1:26-cv-00515-UA-JEP |

**DECLARATION OF ADAM JASKIEVIC IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY ACTION**

I, Adam Jaskievic, declare as follows:

1. I am employed by Hometap Equity Partners, LLC as the Chief Compliance Officer. I have personal knowledge of the facts contained in this declaration and if called upon to do so, could and would competently testify to the facts in this declaration. I submit this declaration in support of Defendants' Motion to Compel Arbitration and Stay Action.

2. Hometap Equity Partners, LLC signed the Option Purchase Agreement with Bryan L. Bott (Investment No. NC366392, dated May 28, 2024) as the initial contracting party. Hometap Equity Partners, LLC subsequently assigned its beneficial interest in Bott's Deed of Trust and Security Agreement to Hometap HEI Fund IV SPV II, LLC by

executing an Assignment of Deed of Trust dated May 28, 2024, which was recorded in the Mecklenburg County Register of Deeds on June 3, 2024, in Book 38858, Page 23, Instrument Number 2024050970. Hometap HEI Fund IV SPV II, LLC is therefore bound as beneficiary of Bott's Deed of Trust by virtue of this assignment.

3. Hometap Investment Partners II, L.P. signed the Option Purchase Agreement with Robert C. Batchelor (Investment No. NC251339, dated July 15, 2021) as the contracting party. Hometap Equity Partners, LLC is the sole member of Hometap Holdings II, LLC, which is the general partner of Hometap Investment Partners II, L.P.

4. Hometap Equity Partners, LLC signed the Option Purchase Agreement with Edward Arnold and Jessica Arnold (Investment No. NC657547, dated September 13, 2023) as the initial contracting party.

5. I hereinafter refer to Hometap Equity Partners, LLC; Hometap HEI Fund IV SPV II, LLC; and Hometap Investment Partners II, L.P. collectively as Hometap.

6. As the Chief Compliance Officer, I have access to Hometap's business records relating to option contracts entered into between Hometap and homeowners, including documents obtained from homeowners during and after the contract was entered into, which Hometap maintains for itself and any investors.

7. I am one of the custodians of records for Hometap's business records relating to Bryan L. Bott, Robert C. Batchelor, Edward Arnold, and Jessica Arnold (collectively, the Owners) and their contractual relationships with Hometap. The records referred to herein were made and kept in the ordinary course of Hometap's business and were prepared in

the normal course of business at or near the time of the events to which they refer or reflect. I have reviewed Hometap's business records relating to the Owners, including the Option Purchase Agreements and the arbitration provisions contained therein, and I am familiar with their contents.

8. On May 28, 2024, Bryan L. Bott, as owner of the subject property located at 9316 Ainslie Downs Street, Charlotte, North Carolina 28273 (the "Bott Property"), entered into an Option Purchase Agreement with Hometap, whereby Hometap made an initial investment payment of $34,000.00 to Bott. In exchange, Bott granted Hometap an option to purchase an undivided percentage interest in the Bott Property. Hometap's potential percentage ownership interest under the Agreement—called the "Hometap Percentage"—scaled with the duration of the Agreement: 11.968% for months 1 through 36, 14.186% for months 37 through 72, and 15.957% for months 73 through 120. A true and correct copy of the Option Purchase Agreement, including the North Carolina Rider containing the arbitration provisions, is attached hereto as **Exhibit A** and incorporated herein by this reference.

9. On May 28, 2024, Bott and Hometap entered into a Deed of Trust and Security Agreement, which secured Bott's performance under the Option Purchase Agreement. The Deed of Trust and Security Agreement created a valid and enforceable lien against the Bott Property and was recorded in the Mecklenburg County Register of Deeds on June 3, 2024, in Book 38855, Pages 825–838, Instrument Number 2024050609. A true and correct copy

of the Deed of Trust and Security Agreement is attached hereto as **Exhibit C** and incorporated herein by this reference.

10. On May 28, 2024, Hometap Equity Partners, LLC assigned all of its right, title, and beneficial interest in the Bott Deed of Trust and Security Agreement to Hometap HEI Fund IV SPV II, LLC by executing an Assignment of Deed of Trust. The Assignment was recorded in the Mecklenburg County Register of Deeds on June 3, 2024, in Book 38858, Pages 23–26, Instrument Number 2024050970. A true and correct copy of the Assignment of Deed of Trust is attached hereto as **Exhibit E** and incorporated herein by this reference.

11. On July 15, 2021, Robert C. Batchelor, as owner of the subject property located at 2727 Rosser Road, Bear Creek, North Carolina 27207 (the "Batchelor Property"), entered into an Option Purchase Agreement with Hometap, whereby Hometap made an initial investment payment of $18,000.00 to Batchelor. In exchange, Batchelor granted Hometap an option to purchase an undivided percentage interest in the Batchelor Property. A true and correct copy of the Option Purchase Agreement is attached hereto as **Exhibit B** and incorporated herein by this reference.

12. On July 15, 2021, Batchelor and Hometap entered into a Deed of Trust and Security Agreement, which secured Batchelor's performance under the Option Purchase Agreement. The Deed of Trust and Security Agreement created a valid and enforceable lien against the Batchelor Property and was recorded in the Chatham County Register of Deeds in Book 2231, Page 991. A true and correct copy of the Deed of Trust and Security Agreement is attached hereto as **Exhibit D** and incorporated herein by this reference.

13. On September 13, 2023, Edward Arnold and Jessica Arnold, as owners of the subject property located at 3624 Table Rock Road, Charlotte, North Carolina 28226 (the "Arnold Property"), entered into an Option Purchase Agreement with Hometap, whereby Hometap made an initial investment payment of $159,957.00 to the Arnolds. In exchange, the Arnolds granted Hometap an option to purchase an undivided percentage interest in the Arnold Property. A true and correct copy of the Option Purchase Agreement, including the North Carolina Rider containing the arbitration provisions, is attached hereto as **Exhibit F** and incorporated herein by this reference.

14. On September 13, 2023, the Arnolds and Hometap entered into a Deed of Trust and Security Agreement, which secured the Arnolds' performance under the Option Purchase Agreement. The Deed of Trust and Security Agreement created a valid and enforceable lien against the Arnold Property and was recorded in the Mecklenburg County Register of Deeds on September 18, 2023, in Book 38376, Pages 176–190, Instrument Number 2023089022. A true and correct copy of the Deed of Trust and Security Agreement is attached hereto as **Exhibit G** and incorporated herein by this reference.

15. Each of the Option Purchase Agreements contains an arbitration agreement. Specifically, Section 8.13(k) of Bott's and the Arnolds' Agreements (as amended by the North Carolina Rider) provides, in relevant part:

> You agree that any and all disputes or claims that have arisen or may arise between you and us, whether arising out of or relating to this Agreement or the other Investment Documents, any advertising, or any aspect of the relationship or transactions between us, will be resolved exclusively through final and binding arbitration, rather than a court, in accordance with the terms of this Arbitration Agreement, except that you may assert individual claims

> in small claims court, if your claims qualify. . . . You agree that, by entering into this Agreement, you and we are each waiving the right to a trial by jury or to participate in a class action. Your rights will be determined by a neutral arbitrator, not a judge or jury. The Federal Arbitration Act governs the interpretation and enforcement of this Arbitration Agreement.

Section 8.13(a) of Batchelor's Agreement contains a substantially similar arbitration provision.

16. Each Agreement also contains a delegation clause. Section 8.13(n) of Bott's and the Arnolds' Agreements (as amended by the North Carolina Rider) and Section 8.13(d) of Batchelor's Agreement provide, in relevant part:

> Arbitration will be conducted by a neutral arbitrator in accordance with the American Arbitration Association's (the 'AAA') rules and procedures, including the AAA's Consumer Arbitration Rules (collectively, the 'AAA Rules'), as modified by this Arbitration Agreement. . . . All issues are for the arbitrator to decide, including issues relating to the scope, enforceability, and arbitrability of this Arbitration Agreement.

Ex. A at 37, § 8.13(n) (as amended); Ex. B at 24, § 8.13(d); Ex. F at 38 § 8.13(n) (as amended).

17. In addition, each Agreement contains a class action waiver. Section 8.13(l) of Bott's and the Arnolds' Agreements (as amended by the North Carolina Rider) and Section 8.13(b) of Batchelor's Agreement provide, in relevant part:

> YOU AND WE AGREE THAT EACH OF US MAY BRING CLAIMS AGAINST THE OTHER ONLY ON AN INDIVIDUAL BASIS AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE ACTION OR PROCEEDING. UNLESS BOTH YOU AND WE AGREE OTHERWISE, THE ARBITRATOR MAY NOT CONSOLIDATE OR JOIN MORE THAN ONE PERSON'S OR PARTY'S CLAIMS AND MAY NOT OTHERWISE PRESIDE OVER ANY FORM OF A CONSOLIDATED, REPRESENTATIVE, OR CLASS PROCEEDING.

Ex. A at 36, § 8.13(l) (as amended); Ex. B at 23, § 8.13(b); Ex. F at 37, § 8.13(l) (as amended).

18. By entering into the Option Purchase Agreements, the Owners affirmed their agreement to be bound by the arbitration, delegation, and class action waiver provisions set forth therein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 9-16, 2026

Adam Jaskievic
Chief Compliance Officer
Hometap Equity Partners, LLC